IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02988-BNB

CARLOS ARMENDARIZ,

    Applicant,

v.

TK. COZZA-RHODES, Warden,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Carlos Armendariz, is in the custody of the Federal Bureau of Prisons and is incarcerated at the Federal Correctional Institution in Florence, Colorado. He initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. On November 28, 2012, Magistrate Judge Boyd N. Boland ordered Mr. Armendariz to respond and show cause why the application should not be denied because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court. Mr. Armendariz filed a "Motion to Show Cause" (response to the show cause order) on January 2, 2013.

The Court must construe the application liberally because Mr. Armendariz is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss this action.

The Court's PACER docketing system reflects that Mr. Armendariz was

convicted in the United States District Court for the District of New Mexico in Case No. 95-cr-00353-JCH-5 of possession with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 841(b)(1)(A), and conspiracy to commit the same in violation of 21 U.S.C. § 846.  He was sentenced to serve a 324-month term of imprisonment with the United States Bureau of Prisons.  The United States Court of Appeals for the Tenth Circuit affirmed the convictions and sentence on direct appeal. *See United States v. Armendariz*, No. 08-2284, 349 F. App'x 323 (10th Cir. Oct. 16, 2009).  Mr. Armendariz filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by Person in Federal Custody in the United States District Court for the District of New Mexico on October 13, 2010.  The § 2255 Motion was denied on June 7, 2011.  Mr. Armendariz filed a second Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of New Mexico on November 5, 2012, asserting a claim of ineffective assistance of trial counsel.  That motion is pending.

In his § 2241 Application filed in this Court, Mr. Armendariz claims that he was denied the effective assistance of counsel at his criminal trial, in violation of the Sixth Amendment.  For relief, he requests that his sentence be vacated.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established.  "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence."  ***Id***.

(citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus application pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366. Finally, the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

The remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999); *see also Brace v. U.S.*, 634 F.3d 1167, 1169 (10th Cir. 2011) ("§ 2255 will rarely be an inadequate or ineffective remedy to challenge a conviction."). Mr. Armendariz bears the burden of demonstrating that the remedy in § 2255 is inadequate or ineffective. *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011) (citing *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998)).

Mr. Armendariz fails to demonstrate that the remedy available to him pursuant to § 2255 is inadequate or ineffective. That he has sought and been denied relief pursuant to § 2255 does not mean the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.2d at 673. Furthermore, the fact that Mr. Armendariz likely is barred from raising his claims in a second or successive motion pursuant to § 2255, by

itself, also does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective.  See *Caravalho*, 177 F.3d at 1179.  Applicant therefore must raise his claims in a § 2255 proceeding.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because Mr. Armendariz fails to demonstrate that the remedy available to him in the United States District Court for the District of New Mexico is ineffective or inadequate to test the legality of his detention.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  Mr. Armendariz may file a motion in the Tenth Circuit.

DATED at Denver, Colorado, this 17th day of January, 2013.

BY THE COURT:

   s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court